**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Elizabeth Anne Cashin**<br><br>**Debtor**<br><br>**Specialized Loan Servicing LLC**<br><br>**Movant**<br>**v.**<br>**Elizabeth Anne Cashin**<br><br>**Debtor/Respondent**<br><br>**KENNETH E. WEST, Esquire**<br><br>**Trustee/Respondent** | **Bankruptcy No. 23-11274-pmm**<br><br>**Chapter 13** |

**STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY**

Movant, Specialized Loan Servicing LLC, and Elizabeth Anne Cashin, "Debtor(s)" by and through their respective attorneys, hereby stipulate as follows:

## I. BACKGROUND:

1. On October 30, 2009, Elizabeth A Cashin, executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $88,504.00.
2. The Mortgage was recorded on November 19, 2009, with the Delaware County Recorder of Deeds.
3. The Mortgage was secured as a lien against the property located in Delaware County commonly known as 882 Taylor Drive, Folcroft, Pennsylvania 19032 (the "Property").
4. The Note and Mortgage were lastly assigned to Specialized Loan Servicing LLC.
5. Debtor(s) has defaulted under the terms of the Note and Mortgage by failing to make the monthly post-petition payments of principal, interest and escrow. As of April 9, 2024, the post-petition

arrearage owed to Movant is $4,253.49 and consists of 5 monthly mortgage payments at $860.48, less a suspense balance of $48.91.

6. Thus, Debtor(s)'s post-petition arrearage currently totals the sum of $4,253.49.

7. Debtor(s) further acknowledges that additional payments of principal, interest and escrow currently in the amount of $860.48, per month shall become due under the Note and Mortgage on the First of each successive month, beginning May 1, 2024 until the Note is paid in full. Debtor(s) acknowledges that the monthly payment is subject to change and is responsible for same.

8. Specialized Loan Servicing LLC, and Debtor(s) desire to resolve Debtor(s)'s post-petition arrearage in accordance with the set forth terms below:

## II. STIPULATION FOR RELIEF FROM STAY

9. Debtor(s) confirms and acknowledges his obligations to Specialized Loan Servicing LLC, under the Note and Mortgage.

10. Debtor(s) further confirms and acknowledges his failure to make the post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth above in paragraphs 5 and 6.

11. Debtor(s) further confirms and acknowledges his obligations to make the regular post-petition payments of principal and interest going forward from May 1, 2024 as set forth above in paragraph 7.

12. Debtor further agrees to file an Amended Plan within 30 days of the entry of an Order Approving this Stipulation which will include treatment for the post-petitions arrears owed to Specialized Loan Servicing LLC. The plan shall state that the post-petition arrears through April 1, 2024 shall be paid over the remaining life of the plan in payments by the Chapter 13 Trustee. If necessary, Specialized Loan Servicing LLC shall file a supplemental claim or amended proof of

claim reflecting the post-petition arrears through April 1, 2024.

13. In the event that Debtor(s) converts to a Chapter 7 during the pendency of this Bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion. Should the Debtor(s) fail to cure the arrearage, Specialized Loan Servicing LLC, will send Debtor(s)'s counsel a written notification of default of this Stipulation. If the default is not cured within fifteen (15) days of the notice, Specialized Loan Servicing LLC, may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay.

14. In the event the Debtor(s) should default on his obligations under this Stipulation by failing to comply with the provisions as set forth above in paragraph 11 and/or tender in full any of the payments described in paragraph 12, on or before the dates on which they are due, then Specialized Loan Servicing LLC, its successors and/or assigns shall serve Debtor(s)' Attorney by fax, e-mail and/or regular mail, with written notification of default. In the event that Debtor(s) fails to cure the default within fifteen (15) days of the date of the written notification, then, Specialized Loan Servicing LLC, may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon Specialized Loan Servicing LLC, or its assignee or successors may exercise its rights against the Mortgaged Property under the terms of this Stipulation without further notice to Debtor(s) or the Order of this Court. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

15. Additionally, Debtor(s) agrees that he is not permitted more than two (2) defaults from the date of this Stipulation. Debtor(s) agrees that if he defaults under the terms of this Stipulation more than

two (2) times, then, without any further notice, Specialized Loan Servicing LLC, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon Specialized Loan Servicing LLC, its successors and/or assigns may exercise its rights against the Mortgaged Property under the terms of this Stipulation.

16. Neither Specialized Loan Servicing LLC's consent to this Stipulation nor Specialized Loan Servicing LLC's acceptance of any payments tendered by Debtor(s) shall be construed as a waiver of Specialized Loan Servicing LLC's right to proceed with or commence a foreclosure other legal action against Debtor(s) under this Stipulation; however, Specialized Loan Servicing LLC, agrees to credit Debtor(s)' account for any payments made by Debtor(s) in accordance with this Stipulation, the Note and/or Mortgage.

17. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

18. Debtor(s) hereby certifies and confirms that he has reviewed the terms of the Stipulation with his Counsel that Debtor(s) understands and is in agreement with the terms of this Stipulation, and that counsel has been authorized by Debtor(s) to sign this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Michelle L McGowan Date: 05/06/2024

Michelle L McGowan, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA I.D 62414
13010 Morris Rd, Suite 450
Alpharetta, GA 30004

Telephone: 470-321-7113
Email: mimcgowan@raslg.com
Attorney for Movant

/s/ ____________________ *with express permission*
BRAD J. SADEK
Pennsylvania Bar No. 90488
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220 Philadelphia, PA 19102
Telephone: 215-545-0008
Fax : 215-545-0611
Email: brad@sadeklaw.com

NO OPPOSITION:

/s/ Kenneth E. West ___ *with express permission* I have no objection to its terms, without prejudice to any of our rights and remedies
KENNETH E. WEST
Attorney for Chapter 13 Trustee
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107
Telephone: 215-627-1377